UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

ERICA VALENCIA,

        Plaintiff,

  v.

COUNTRYWIDE HOME LOANS;
COUNTRYWIDE BANK FSB;
RECONTRUST COMPANY N.A.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.;
COUNTRYWIDE and GEOFFREY
MIYAO; DOES 1-1000, inclusive,

        Defendants.

No. 2:09-cv-01328-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Presently before the Court is a Motion by Defendants Countrywide Home Loans, Inc., ReconTrust Company, N.A., Countrywide Bank FSB, and Mortgage Electronic Registration Systems, Inc. (collectively "Defendants") to dismiss the First Amended Complaint ("FAC") of Plaintiff Erica Valencia ("Plaintiff") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(h).

1

This dispute arises out a mortgage loan transaction that eventually led to the foreclosure of Plaintiff's home.  Plaintiff alleges several causes action including: violation of the Truth in Lending Act ("TILA"), violation of the California Rosenthal Act, Negligence, violation of the Real Estate Settlement Procedures Act ("RESPA"), Breach of Fiduciary Duty, Fraud, violation of the California Business & Professions Code § 17200 et seq., Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Wrongful Foreclosure, and violation of California Civil Code § 1632.

Plaintiff's only federal claims are the allegations of TILA and RESPA violations.  In regards to these claims, Plaintiff has filed a Statement of Non-Opposition and a Notice of Voluntary Dismissal.  The Court notes that Plaintiff's voluntary dismissal is legally insufficient to properly dispose of the claims. <u>ECASH Technologies, Inc. v. Guagliardo</u>, 35 F. App'x. 498, 499 (9th Cir. 2002) (The voluntary dismissal rule "only applies to dismissals of all claims against a particular defendant, not to dismissals of less than all claims against that defendant.")  Nonetheless, Plaintiff has made clear that she intends to abandon these claims, and the Court will regard them as discarded.

With only Plaintiff's state law claims remaining, this Court ceases to have subject matter jurisdiction over the suit.  There is no diversity jurisdiction,[2] and the Court declines to exercise supplemental jurisdiction over the pendant state claims.

///

---

[2] <u>See</u> FAC ¶¶ 1-6

1  The Supreme Court has held, "When the balance of factors
2  indicates that a case properly belongs in state court, as when
3  the federal law claims have dropped out of the lawsuit in its
4  early stages and only state law claims remain, the federal court
5  should decline the exercise of jurisdiction by dismissing the
6  case without prejudice." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484
7  U.S. 343, 351 (1988).  In deference to the rules of comity, this
8  Court abstains from proceeding.
9       Thus, Plaintiff's First Amended Complaint is hereby
10 dismissed without prejudice for lack of subject matter
11 jurisdiction.  Defendants' Motion to dismiss Plaintiff's
12 Complaint (Docket No. 15) pursuant to Federal Rule of Civil
13 Procedure 12(b)(6) is DENIED as moot. The Clerk is directed to
14 close the case.
15      IT IS SO ORDERED.

 Dated: December 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE